Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3990 | **DATE** | 6/3/2013 |
| **CASE TITLE** | *Cobbs, Sr. v. Evans, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's complaint is dismissed. All pending motions are stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff filed a complaint against Janice Evans, Judge Helaine Berger, Cherly Comb (apparently a clerk at the Circuit Court of Cook County), Deputy Sheriff Jevtic, and Judge Raul Vega "and his two interns." (Compl., Dkt. # 1.) In it, Plaintiff alleges that Evans "made threats" on Plaintiff's "safety and well-being," a police report was filed (the complaint does not specify by whom), and Evans has "committed slander, perjury and contempt of court." (*Id.*) Plaintiff asks this Court to issue a rule to show cause why Evans should not be charged with perjury and slander in "open court at [the] Richard J. Daley Center," and asserts that the other defendants "took part in corruption in open court on 5/13/13 and 5/30/13" and committed conspiracy. (*Id.*) Plaintiff also filed an untitled motion asking that the Court order Evans to appear in open court "to realize that she . . . is living a fake identity of a life" and directing her to "turn over to [C]omcast cable service 3 cable boxes that are illegally registered." (Mot., Dkt. # 6, at 1.) He further asks this Court to order Evans to "bring and present to the court proof of her real identity and that [she] be ordered to stay away from Plaintiff." *Id.*

    The Court has performed an initial review of the complaint and concludes that it must be dismissed for lack of subject matter jurisdiction and because certain of the defendants are immune from suit. As an initial matter, to the extent that Plaintiff seeks to sue Evans for perjury, Illinois courts have held that no private right of action exists for perjury. *Parks v. Neuf*, 578 N.E.2d 282, 284 (Ill. App. Ct. 1991) ("Except under limited circumstances or where authorized by statute, it is generally held an action for damages caused by perjury may not be maintained."). Even assuming a private right of action exists, it, along with slander, are state law claims and Plaintiff has not alleged facts supporting a finding of diversity jurisdiction. Jurisdiction based on diversity exists if the amount in controversy exceeds $75,000, excluding interest and costs, and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity statute requires complete diversity, meaning "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell by Goerdt v. Tribune Entertainment Co.*, 106

| STATEMENT |
|---|

F.3d 215, 217 (7th Cir. 1997). It appears that the parties are all citizens of Illinois and Plaintiff does not allege otherwise. Thus, the Court lacks diversity jurisdiction over the matter.

Plaintiff also alleges a conspiracy claim against Judge Helaine Berger, Cherly Comb, Deputy Sheriff Jevtic, and Judge Raul Vega and his two interns. To the extent Plaintiff seeks to set forth a state law civil conspiracy claim, he again fails to allege facts in support of this Court's diversity jurisdiction.

Plaintiff may also be alleging a § 1983 conspiracy claim, which would support this Court's federal question jurisdiction. 28 U.S.C. § 1331. A § 1983 conspiracy claim requires Plaintiff to show that "he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law." *Hobbs v. Cappelluti*, No. 10 C 7649, 2012 WL 4499227, at *7 (N.D. Ill. Sept. 28, 2012) (quoting *Kelley v. Myler*, 149 F.3d 641, 648 (7th Cir. 1998)). However, "[t]he conspiracy itself is not an independent basis of § 1983 liability; there must be an underlying constitutional injury or the attendant conspiracy claim necessarily fails." *Id*. (citation omitted). Here, Plaintiff alleges no constitutional injury; thus, he has failed to state a claim for a § 1983 conspiracy.

Finally, the Court notes that to the extent that Plaintiff seeks to sue Judge Berger and Judge Vega for damages for actions they took as judges, they are absolutely immune. *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) ("Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions."). Moreover, to the extent that Cherly Comb, Deputy Sheriff Jevtic, and Judge Vega's two interns were acting "under the judge's supervision" and performed acts "intimately related to judicial proceedings," they are also immune from suit. *Schneider v. Cnty. of Will*, 366 Fed. Appx. 683, 685 (7th Cir. 2010) (citation and internal quotation marks omitted).

For these reasons, Plaintiff's complaint is dismissed. Civil case terminated.